UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00769-MEO-DCK

| | | |
|---|---|---|
| OLEG KHARCHENKO, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | ) | <u>MEMORANDUM AND ORDER</u> |

**THIS MATTER IS BEFORE THE COURT** on an independent review of the record.

## I. BACKGROUND

The Plaintiffs, Mecklenburg County residents Oleg Kharchenko, his wife Tetiana Kharchenko, and their son Dmytro Kharchenko, are all citizens of Ukraine. On September 25, 2026, Tetiana and Dmytro filed this action to compel Defendants to rule on Oleg's I-589 pending application for asylum and withholding of removal. (citing 5 U.S.C. §§ 555, 701 et seq.; 8 U.S.C. §§ 1101, 1158, et seq.; 28 U.S.C. § 1361; 28 U.S.C. § 1651; 28 U.S.C. §§ 2201-02). Dmytro appears on his own behalf, as well as Oleg's next friend because Oleg is being detained and his signature was unavailable at the time of filing. (Doc. No. 3; <u>see</u> Oct 5, 2026 Text Order (notifying Plaintiffs that a non-lawyer may not represent another person)).

They have named as Defendants: the U.S. Department of Homeland Security

("DHS"); Markwayne Mullin, the Secretary of Homeland Security; U.S. Citizenship and Immigration Services ("USCIS"); Joseph B. Edlow, Director of USCIS; Ted H. Kim, Associate Director of the Refugee, Asylum, and International Operations Directorate of USCIS; Antonio Donis, Director of the Arlington Asylum Office; and Todd Blanche, U.S. Attorney General. (Doc. No. 1 at 5-6). The Plaintiffs seek: a declaration that the delay in deciding Oleg's I-589 application is unreasonable; an order compelling the Defendants to decide the application; an order for the Defendants to notify the Court of the same; costs; and such other relief as is necessary and proper.[1] (See Doc. No. 1 at 4).

The Court ordered the Defendants to respond to Plaintiffs' Motion for Temporary Restraining Order and scheduled a hearing, which was continued pursuant to a Consent Motion to Continue. (Doc. No. 5; Oct. 5, 2026 Text Order).

The Plaintiffs filed a Verified Notice of Changed Circumstances addressing Oleg's movements and the conditions of his detention (Doc. No. 9), and the Defendants filed a Motion to Dismiss (Doc. No. 11).

On October 6, 2026, the Defendants filed a Notice of Transfer notifying the Court that Oleg was issued an I-862 Notice to Appear, and that his case had been transferred to the Executive Office for Immigration Review ("EOIR"). (Doc. Nos. 16, 16-1).

[1] The Plaintiffs do not challenge Oleg's present detention in this action; they filed a habeas action in the Eastern District of Tennessee Case No. 3:26-cv-467, *sub nom* Nikolaichuk v. Doe. (See Doc. No. 1 at 3).

## II. DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" or "Controversies." Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " Id. at 91 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

USCIS has "initial jurisdiction over ... [a]n asylum application filed by an alien physically present in the United States or seeking admission at a port-of-entry." 8 C.F.R. § 208.2(a)(1)(i). However, the Immigration Court has "exclusive jurisdiction over asylum applications filed by an alien who has been served ... [a] Form I-862, Notice to Appear, after the charging document has been filed with the Immigration Court…." Id. § 208.2(b).

Information available on the EOIR website, of which the Court takes judicial notice, reflects that Oleg Kharchenko has now been issued a Notice to Appear. "Thus, any writ of mandamus or other court order issued to compel DHS or USCIS to act on the Form I-589 would be improper because Defendants lack jurisdiction to act on [Oleg's] asylum application." Dzheligov v. DHS, 2024 WL 51280, at *3 (D. Md. Jan.

4, 2024). Accordingly, the Complaint will be dismissed for lack of jurisdiction, and the pending motions will be denied as moot.

## III. CONCLUSION

As there is no live case or controversy before the Court, the instant action is dismissed for lack of jurisdiction, and all pending motions are denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. All pending Motions (see, e.g., Doc. Nos. 3, 4, 9, 11) are **DENIED AS MOOT**.
3. The Clerk is respectfully instructed to enter a judgment and close this case, and to mail a copy of this Order to each Plaintiff at his/her address of record.

**SO ORDERED.**

Signed: October 16, 2026

Matthew E. Orso
United States District Judge